IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAMON RESHAD HARRIS                                                                         PLAINTIFF

v.                                        Civil No. 1:16-cv-01016

DAVID NORWOOD, JAMES BOLTIN
And DOUG WOOD                                                                             DEFENDANTS

## ORDER

Plaintiff Ramon Reshad Harris filed this 42 U.S.C. § 1983 action *pro se* on January 25, 2016. ECF No. 2. Currently before the Court is Plaintiff's failure to respond to the Court's order directing Plaintiff to submit an amended complaint, and Plaintiff's failure to respond to the Court's order to show cause. ECF No. 7, 9.

Plaintiff filed this action on January 25, 2016, in the Eastern District of Arkansas, Western Division. ECF No. 2. On March 7, 2016, the case was transferred from the Eastern District of Arkansas to the Western District of Arkansas, El Dorado Division. ECF No. 3. On March 29, 2016 this Court granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 6. In the Complaint, Plaintiff alleged that he requested "medical attention on several different occasions from all of said named defendants. All of medical request were denied." ECF No. 2. Plaintiff did not give any details concerning what medical requests were made, when the requests took place, or what each Defendant did or failed to do in connection with Plaintiff's requests for medical attention.

On March 29, 2016, the Court entered an Order directing Plaintiff to submit an amended complaint by April 19, 2016 and informed Plaintiff that failure to respond to the Order may result in dismissal of the case. ECF No. 7. The Clerk of the Court mailed Plaintiff a court-approved § 1983 form to use for filing the amended complaint. The form has not been returned as undeliverable, and Plaintiff has not submitted an amended complaint in this matter.

On May 18, 2016, this Court issued an Order directing Plaintiff to show cause why he failed to submit an amended complaint. ECF No. 9. Plaintiff was given until June 1, 2016 to respond. The Court again informed Plaintiff that failure to respond to the Order would subject the case to dismissal. The Order has not been returned as undeliverable. To date, Plaintiff has not responded to the show cause Order.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added).

Plaintiff has failed to prosecute this case and has failed to comply with two of the Court's Orders. ECF No. 7, 9. As a result, the Court is unable to perform the required prescreening function required by the Prison Litigation Reform Act. Accordingly, because

Plaintiff has failed to comply with the Court's Orders, the Court finds that Plaintiff's Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41 (b).

    IT IS SO ORDERED this 21st day of June, 2016.

                                            /s/ Susan O. Hickey
                                            Susan O. Hickey
                                            United States District Judge